**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00421-CR**
_____

**IN RE RAYMOND PEOPLES**

**Original Proceeding**
**Criminal District Court of Jefferson County, Texas**
**Trial Cause No. DCR23-0727**

**MEMORANDUM OPINION**

In a pro se petition for a writ of mandamus, Raymond Peoples asks this Court to compel the trial court to issue a writ of habeas corpus. According to Peoples, his pre-trial application for a writ of habeas corpus alleges his right to a speedy trial has been violated in the prosecution for a felony offense.[1]

---

[1] Peoples failed to identify the correct Real Party in Interest and certify that he served a copy of the petition on the Respondent and the Real Party in Interest. *See* Tex. R. App. P. 9.5. He failed to file a record to support his mandamus petition. *See id.* 52.7. We use Rule 2, however, to look beyond these deficiencies to reach an expeditious result. *See id.* 2.

1

"[W]hether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (citation omitted). "[S]peedy trial claims are not cognizable in pretrial habeas corpus[.]" *Ex parte Sheffield*, 685 S.W.3d 86, 98 (Tex. Crim. App. 2023) (orig. proceeding). "Appeal is available to the petitioner in the event of his conviction to test any asserted denial of his right to a speedy trial, both on a statutory and constitutional basis." *Ordunez v. Bean*, 579 S.W.2d 911, 913–14 (Tex. Crim. App. 1979) (orig. proceeding) (citations omitted). Peoples has an adequate remedy by appeal. Accordingly, we deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on December 17, 2024
Opinion Delivered December 18, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

2